2001 OK 14

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**David Randall DICK, Respondent.**

**No. SCBD 4579.**

Supreme Court of Oklahoma.

Feb. 6, 2001.

ORDER

Upon consideration of (1) Respondent's affidavit, prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, in which Respondent requests he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law and (2) Complainant's, Oklahoma Bar Association, request that we approve Respondent's resignation,

THE COURT FINDS AS FOLLOWS:

1. On January 6, 2001, during the pendency of disciplinary proceedings against him, Respondent, David Randall Dick, offered to surrender his license to practice law and resign from bar membership;

2. Respondent's offer to surrender and resign was freely and voluntarily made without coercion or duress. Respondent is fully aware of the legal consequences of his resignation;

3. Respondent is aware of pending investigations by the Oklahoma Bar Association's general counsel into grievances made against him, which have been consolidated into Complaint SCBD # 4579. The grievances comprised in the Complaint allege various acts of professional misconduct including: lack of diligent representation; failure to communicate with clients; failure to appear on behalf of clients in court proceedings, which has resulted in harm to the clients and contempt charges against Respondent; conversion of client funds; and acceptance of payment for legal services not performed. If proven, these grievances would constitute violations of Rules 1.3, 1.4, 5.2 and 6.2A of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 3.2, 3.3, 8.1(b), and 8.4 of the Rules of Professional Conduct, 5 O.S. 1991, Ch. 1, App. 3–A.

4. Respondent is aware of the other grievances which have been filed against him with the office of the general counsel and that investigations are proceeding regarding these grievances, although a formal complaint has not been filed by the Oklahoma Bar Association.

Those allegations are:

*DC 00–350* Respondent failed to appear for scheduled court proceedings in Oklahoma City Municipal Court for clients who had retained his services.

*DC 00–399* Respondent while representing Penny Norwakowski in a domestic matter engaged in neglect, delay, misrepresentation and fraud.

*DC 00–400* Respondent while representing Jeffie Ann Hickey failed to perform the legal work for which he was paid, failed to communicate with the client throughout the course of the representation, and failed to refund the fee when requested to do so.

*DC 00–424* Respondent neglected Carla McCool's personal injury case: 1) Respondent was unavailable when McCool repeatedly tried to locate him; 2) Respondent did not return her file once he was terminated as her attorney; and 3) McCool's case was dismissed as a result of Respondent's client neglect.

*DC 00–425* Respondent was retained by Michael Tinsley in a criminal matter and failed to appear at court proceedings on behalf of Tinsley and did not communicate with him.

*DC 00–426* Respondent was paid $2000 by client, Jada Miller, in a child custody case and then failed to appear at the scheduled hearings. Miller also complained Respondent failed to communicate with her and disappeared when she attempted to locate him.

In addition, the Oklahoma Bar Association has previously filed an Application for an Order of Emergency Interim Suspension, requesting the Supreme Court immediately suspend Respondent's license to practice law because of the allegations contained within SCBD # 4579.

5. Respondent waives any and all rights to contest the allegations set forth in SCBD # 4579 and DC 00–350, DC 00–399, DC 00–400, DC 00–424, DC 00–425, and DC 00–426.

6. Pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings, Respondent understands that it is within the discretion of the Supreme Court of Oklahoma to approve or disapprove his resignation.

7. Respondent has familiarized himself with Rule 9.1 of the Rules Governing Disciplinary Proceedings and agrees that he will comply with all provisions of the rule within twenty (20) days following the date of his resignation.

8. Respondent understands and agrees that he may not apply for reinstatement of his legal license to practice and membership in the bar association before the expiration of five (5) years from the effective date of this order. Further, Respondent recognizes reinstatement is conditioned upon compliance with the conditions and procedures prescribed by Rule 11 of the Rules Governing Disciplinary Proceedings.

9. Respondent acknowledges that as a result of his conduct the Client Security Fund may receive claims from his former clients. Respondent agrees to reimburse the fund any principal amounts and applicable statutory interest paid by the fund prior to filing any application for reinstatement of his license to practice.

10. The costs of this proceeding have been expressly waived by the Complainant, Oklahoma Bar Association.

11. Respondent's name and address appear on the official bar association roster as: David Randall Dick, OBA# 13498, 9901 Casa Linda, Oklahoma City, OK 73139.

THE COURT THEREFORE ORDERS that the resignation of David Randall Dick tendered during the pendency of disciplinary proceedings is approved; the Respondent's name is stricken from the roll of attorneys and he may not apply for reinstatement of his license to practice law and membership in the Oklahoma Bar Association prior to the expiration of five (5) years from the effective date of this order; repayment to the Client Security Fund for any money disbursed due to Respondent's conduct is a condition of reinstatement; further, Respondent must comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings; Complainant's waiver of costs associated with this proceeding is approved.

/s/ RUDOLPH HARGRAVE
Chief Justice

ALL JUSTICES CONCUR.